IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| LEON TOLLETTE, | : | |
| Petitioner, | : : : | |
| VS. | : : | CIVIL ACTION NO. 4:14-CV-110 (CDL) |
| WARDEN, GEORGIA DIAGNOSTIC AND CLASSIFICTION PRISON, | : : : | |
| Respondent. | : : | |

### **ORDER**

Pending before the Court is a motion for *nunc pro tunc* appointment of counsel. Mot. for nunc pro tunc appointment of counsel, ECF No. 55. Anna Arceneaux seeks appointment as co-counsel in this capital habeas corpus action that is currently pending in the Eleventh Circuit. *Id.* at 1.

In an Order dated May 7, 2014, the Court, pursuant to 18 U.S.C. § 3599, appointed Brian Kammer and Kirsten Salchow, both of whom were employed at the Georgia Appellate Practice and Educational Resource Center ("Georgia Resource Center") to represent Tollette. Order, ECF No. 6. Salchow departed from the Georgia Resource Center in January 2017 and Kammer departed in December 2018. Mot. for Substitution Counsel at 2, ECF No. 52.

Vanessa Carroll became the Interim Executive Director of the Georgia Resource Center. *Id.* at 3. While Tollette's case was pending in the Eleventh Circuit, Carroll filed an entry of appearance in his case, and this Court substituted her as lead counsel to represent Tollette. *Id.* at 2; Order, ECF No. 53; *Tollette v. Warden*, 16-17149 (11th Cir.).

1

In August 2019, Arceneaux became the new Executive Director of the Georgia Resource Center. Mot. for *nunc pro tunc* appointment of counsel at 2, 4, ECF No. 55. Arceneaux filed a notice of appearance in Tollette's case on October 4, 2019 and presented oral arguments on Tollette's behalf on November 20, 2019. *Id.* at 2-3.

18 U.S.C. § 3599(a)(2) provides that

> [i]n any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation . . . shall be entitled to the appointment of one or more attorneys . . . .

18 U.S.C. § 3599(c) provides that "at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years' experience in the handling of appeals in that court in felony cases." The Court may, however, "for good cause . . . appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation." 18 U.S.C. § 3599(d); *In re Lindsey*, 875 F.2d 1502,1507 n.3 (11th Cir. 1989) ("The use of the words 'another attorney' suggest that the court may appoint an attorney in lieu of one meeting the statutory requirements, rather than an attorney in addition to one meeting the requirements.").

Arceneaux has not been admitted to practice in the Eleventh Circuit for at least five years, and she has not had three years' experience handling felony cases in that court. But she has extensive experience in capital litigation, and she is now the Executive Director of the Georgia Resource Center, which began representing Tollette in 2007.

2

Mot. for nunc pro tunc appointment of counsel at 4, ECF No. 55. Arceneaux has practiced law since 2006 and was admitted to practice before the United States Supreme Court in 2015, the Fourth Circuit in 2014, the Fifth Circuit in 2015, and the Eleventh Circuit in 2019. *Id.* at 5. She has practiced exclusively in the area of capital habeas corpus litigation since joining the Georgia Resource Center in August 2019. *Id.* Prior to joining the Georgia Resource Center, Arceneaux was a Staff Attorney for more than ten years with the Capital Punishment Project of the national office of the ACLU. *Id.* She has appeared as lead counsel and associate counsel in capital proceedings in trial, appeal, and post-conviction in numerous cases across the county. *Id.* at 5-6. Arceneaux is a frequent presenter at national and regional trainings for capital and criminal defense attorneys. *Id.* at 6. She is a faculty member at the National Habeas Institute, which is a seminar for capital post-conviction attorneys sponsored by the National Institute for Trial Advocacy and the United States Administrative Office of the Courts. *Id.* Arceneaux is thoroughly familiar with the record in Tollette's case. *Id.* at 3, 7. Tollette also requests that she be appointed to represent him in this action. *Id.* at 7.

Tollette is entitled to the appointment of "one or more" qualified counsel. 18 U.S.C. § 3599(a)(2). The Court finds "good cause" to appoint Arceneaux as co-counsel for Tollette. 18 U.S.C. § 3599(d) Her "background, knowledge, [and] experience" with capital litigation and her familiarity with Tollette's case will enable her to properly represent him in this action. *Id*

Accordingly, Tollette's motion for nunc pro tunc appointment of Anna Arceneaux as co-counsel effective October 4, 2019 is **GRANTED**. Mot. for nunc pro tunc appointment of counsel, ECF No. 55.

Arceneaux will be compensated at the rate approved by the Administrative Office of the United States Courts. Instructions regarding procedures for obtaining investigative, expert, or other services necessary for representation of Tollette; limitations on fees for such services; submission of vouchers; and reimbursement of out-of-pocket expenses are detailed in the Court's May 7, 2014 Order. Order, ECF No. 6

**SO ORDERED**, this 14th day of January, 2020.

s/Clay D. Land
CLAY D. LAND, CHIEF JUDGE
UNITED STATES DISTRICT COURT